**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 8:21-CV-02496-PX** |
| **KEY MANAGEMENT PARTNERS, INC.,** | |
| **Defendant.** | |

**BRIEF IN SUPPORT OF MOTION FOR
ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT**

## I.     FACTUAL BACKGROUND

EEOC filed this action on September 29, 2021, alleging that Key Management Partners, Inc. ("Defendant"), violated Title VII of the Civil Rights Act of 1964 ("Title VII") by subjecting former employee Jocelyn McKenzie ("McKenzie") to sexual harassment and retaliation. *See* ECF No. 1. Defendant is a Maryland corporation with its principal place of business in Greenbelt. *See* ECF No. 2 at ¶ 5. After having been served with the Complaint, per Local Rule 101(a), Defendant retained Dionna Marie Lewis, Esq. as counsel in this matter and filed its Answer.

The Parties initially requested, and the Court adopted, a scheduling order with a discovery deadline of June 20, 2022. *See* ECF Nos. 7, 8. Consistent with this deadline, EEOC served discovery requests on Defendant. After it received no answer to its interrogatories and a notably deficient document production, EEOC conferred with defense counsel about the need for answering and supplementing, and to schedule the depositions of defense witnesses. *See* ECF No. 10. Defendant also raised the prospect of settlement. As a result, and to enable the completion of discovery and exploration of settlement, the Parties sought, and this Court granted, a sixty-day

extension of the discovery deadline to August 19, 2022. *Id.;* ECF No. 11. However, Defendant failed to communicate with Ms. Lewis, to provide her with the documents and information needed for production to EEOC, and to facilitate the scheduling of the defense witnesses' depositions. *See* ECF No. 12. Therefore, the discovery deadline again had to be extended. *Id.;* ECF No. 13.

Shortly thereafter, on August 25, 2022, Ms. Lewis filed a Motion to Withdraw as Counsel for Key Management Partners, Inc. (the "Motion"), based upon Defendant's ongoing refusal to participate in the defense of this action or to communicate with her so she could facilitate compliance with Defendant's discovery obligations. *See* ECF No. 14; *see also* ECF No. 15. In her Motion, Ms. Lewis confirmed that she had advised Defendant of its obligation to obtain new counsel. *See* ECF No. 14. During Defendant's initial safe harbor period following the Motion, Defendant did not consult with Ms. Lewis or retain new counsel. *See* ECF No. 15. Meanwhile, given Defendant's ongoing refusal to participate in its own defense or to meet its discovery obligations, EEOC and Ms. Lewis once more sought an extension of the discovery deadline from October 28, 2022, to December 9, 2022, which this Court granted. *See* ECF Nos. 15, 16.

On October 28, 2022 the Court granted Ms. Lewis' Motion (stayed for thirty days) and directed Defendant to obtain new counsel on or before November 28, 2022, or be subject to "entry of default judgment"—in essence a second safe-harbor period following the initial thirty day period triggered by Ms. Lewis' Motion. *See* ECF No. 17. The Clerk mailed the Order to Defendant. *See id.*

On January 10, 2023, EEOC filed its Motion for Clerk's Entry of Default Judgment, which it served via U.S. Mail on Defendant at its last know addresses. *See* ECF No. 20. On January 17, 2023, the Clerk entered default against Defendant under Fed. R. Civ. P. 55(a). *See* ECF No. 21. On the same day, the Clerk mailed a Notice of Default to Defendant, informing Defendant that it

had thirty days "to file a motion to vacate the order of default. If you do not take action by this date, the Court will act promptly on any pending motions for entry of default judgment . . . ." *See* ECF No. 22; *see also* Local Rule 108(2) (providing that the notice notify the defendant that it may "vacate the order within 30 days after its entry."). The Local Rule 108(2) thirty-day safe harbor expires on February 16, 2023.

Further, upon the filing of the instant Motion for Default Judgment, EEOC will serve a copy of the motion via U.S. Mail on Defendant. Per Local Rule 105(2)(a), Defendant will have fourteen days to respond, which will expire on February 2, 2023.

Accordingly, if Defendant has not obtained new counsel on or before the expiration of the thirty-day safe harbor provided by Rule 108(2) on February 16, 2023, Defendant will have (i) failed to obtain new counsel during the first thirty-day safe harbor that began when Ms. Lewis filed her Motion to Withdraw on August 25, 2022 (Local Rule 102(2)(b)); (ii) failed to obtain new counsel during the second thirty-day safe harbor that began when the Court entered its October 28, 2022, Order; (iii) failed to obtain new counsel upon receipt of EEOC's Motion for Clerk's Entry of Default; (iv) failed to obtain new counsel upon receipt of EEOC's Motion for Default Judgment; and (v) failed to obtain new counsel on or before the third thirty-day safe harbor period provided upon the entry of default on January 17, 2023. Accordingly, upon the expiration the Rule 108(2) safe harbor period on February 16, 2023, EEOC's Motion for Default Judgment will be ripe for disposition.

## II.     ENTRY OF DEFAULT JUDGMENT IS WARRANTED

### A.  Entry of Default Judgment is Warranted

The Federal Rules provide that after the Clerk has entered a defendant's default, the plaintiff may move for and the Court may enter default judgment under Fed. R. Civ. P. 55(b).

Where, as here, the plaintiff's claims for injunctive relief and damages are not for a sum certain, plaintiff proceeds under Fed. R. Civ. P. 55(b)(2).

Entry of default judgment in this matter is appropriate because, for nearly eight months, Defendant failed to meaningfully participate in discovery and failed to communicate with its counsel, who has now withdrawn because of Defendant's refusal to participate in this litigation. Defendant has also ignored the Court's order setting November 28, 2022, as the deadline for it to retain new counsel as required under Local Rule 101.1(a), subject to entry of default judgment. Defendant's ongoing refusal to defend has thwarted the adversarial process and denied EEOC the opportunity to prosecute its claims. *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (holding that Rule 55, in addition to Rule 37, authorizes default judgment for a defendant's failure to participate in the litigation, and affirming default where, after answering, defendant refused to cooperate with counsel who then withdrew, failed to respond to notices and orders from the court, and otherwise failed to defend); *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) ("Although the United States Court of Appeals for the Fourth Circuit has a strong policy that cases be decided on the merits, default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party.") (internal citations omitted); *accord SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421-23 (D. Md. 2005).

Not only has Defendant failed to defend in this action while represented, since Ms. Lewis' withdrawal it has been unable to defend because it has not retained new counsel. Defendant's failure to retain new counsel is in violation of this Court's Order, the Local Rules, and longstanding precedent. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (internal citations omitted) (corporations may only appear in federal court through counsel); *accord In re Under Seal*,

749 F.3d 276, 290 n.17; *see also* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel."). Without required representation, a corporate party cannot defend itself and entry of default judgment is warranted. *See Henson v. Horizon Health Servs., Inc.*, 2022 U.S. Dist. LEXIS 147196, at *6 (D. Md. Aug. 16, 2022) (entering default judgment against a corporate defendant that, after filing an Answer through counsel who subsequently withdrew, for months failed to retain new counsel despite repeated warnings and was therefore an "essentially unresponsive party" whose failure to defend caused the "adversary process" to be "halted") *(citing Lawbaugh* 259 F. Supp. 2d at 421); *RX Trials, LLC v. Coastal Biomedical Research, Inc.*, 2019 U.S. Dist. LEXIS 97330, at *3 (D. Md. June 10, 2019) (entering default judgment against corporate defendant that initially filed an Answer but whose counsel subsequently withdrew due to defendant's refusal to defend and that ignored the Court's directive to obtain new counsel); *see also* Local Rule 101.2(b) (if, within 30 days of the filing of counsel's motion to withdraw, a corporate defendant has not secured the appearance of new counsel, "the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party… .")

### B.  Liability is Established

Notably, Local Rule 101.2(b) provides for entry of default judgment as a sanction for a corporate defendant's failure to comply with Local Rule 101.1's requirement to appear and defend through counsel. *Goel Servs. v. Gamache*, 2013 U.S. Dist. LEXIS 190902, at *3 (D. Md. Nov. 26, 2013) (entering default judgment under Local Rule 101.2(b) without assessing liability where a corporate defendant, after having filed an answer, failed to defend or secure new counsel as directed by Court and required by Local Rule 101.1); *accord Rx Trials, LLC*, 2019 US Dist. LEXIS 97330, at *2-3.

In the alternative, even if EEOC were required to demonstrate liability on its claims to obtain default judgment, such liability is established. "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. Plaintiff's pleadings, taken as true, establish all of the alleged violations." *Lawbaugh*, 359 F. Supp. 2d at 422, *accord Henson*, 2022 U.S. Dist. LEXIS 147196, at *6 (accepting allegations as true and finding they established liability in entering default judgment); *EEOC v. CDG Mgmt.*, 2010 U.S. Dist. LEXIS 124919, at *8 (D. Md. Nov. 24, 2010) (same). In this matter, the allegations in EEOC's Complaint, taken as true, establish Defendant's liability on all claims.

### 1. EEOC's Sex Harassment Claim

As an initial matter, EEOC properly pled that all jurisdictional and coverage requirements under Title VII have been met and that Defendant employed McKenzie. *See* ECF No. 1 at ¶¶ 1-6, 17. To establish a claim for sex harassment, EEOC must show that Defendant subjected McKenzie to "(1) unwelcome conduct; (2) based on [her] sex; (3) sufficiently severe or pervasive to alter [her] conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011). EEOC's allegations, taken as true, establish all elements of EEOC's sex harassment claim. EEOC alleges that Defendant's owner and CEO, Kenny Pedro ("Pedro"), insisted on private meetings and communications with McKenzie where he pressured her to have an affair with him. *See* ECF No. 1 at ¶¶ 20-30. McKenzie told Pedro that she did not want to be his mistress, that his solicitations were inappropriate and made her uncomfortable, and she reported the conduct to her immediate supervisor. *Id.*

EEOC alleged that the challenged conduct was unwelcome, and moreover that McKenzie specifically notified Pedro his advances "were not invited nor welcome", and further reported the

unwelcome conduct to her team lead. *See* ECF No. 1 at ¶¶ 26-30. The challenged conduct, including Pedro's solicitations for McKenzie to engage in explicit sexual acts and an ongoing sexual relationship with him, is of the most rudimentary category of conduct "because of sex." *Id; EEOC v. Fairbrook Med. Clinic, P.A.*, 609 F.3d 320, 327 (4th Cir. 2010) (proposals for sexual activity are normally made because of the recipient's sex). The harassing conduct alleged by EEOC, including (contrary to normal practice) demands for McKenzie to appear for and attend private in-person meetings with Pedro and calls from Pedro to McKenzie's personal cell phone wherein he pressured her for sex is severe or pervasive. It was not merely offhand, uncouth remarks or jokes, but rather direct solicitations of an intensely sexual and personal nature from the owner of the company. *Id.* at 329-331 (noting the harassing conduct's inclusion of solicitations for sexual acts which came from the owner of the company supports the severity of the harassment). Finally, because it was Defendant's owner and chief executive officer who committed the harassment, Defendant is strictly liable under the proxy or alter-ego principle. *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir. 1983) ("*Except* in situations where a proprietor, partner or corporate officer participates personally in the harassing behavior, the plaintiff will have the additional responsibility of demonstrating the propriety of holding the employer liable under some theory of respondeat superior.") (emphasis added); *EEOC v. Xerxes Corp.,* 639 F.3d 658, 678 (4th Cir. 2011) (Motz, J., concurring) ("If an employer's president or another management official 'indisputably within that class of . . . officials who may be treated as the organization's proxy' had perpetrated this harassment, it would certainly be imputable to the employer."); *O'Brien v. Middle E. Forum*, 2023 U.S. App. LEXIS 193, at *12 (3d Cir. Jan. 5, 2023) ("Following *Faragher* and *Ellerth* every Circuit Court of Appeals that has addressed this issue has recognized the proxy-liability theory,

holding the *Faragher/Ellerth* affirmative defense unavailable when the supervisor in question is the employer's proxy or alter ego.") (collecting cases).

EEOC's allegations, taken as true, properly establish liability on its sex harassment claim.

### 2.   EEOC's Retaliation Claim

Title VII prohibits an employer from engaging in retaliation against an employee. 42 U.S.C. § 2000e-3(a). To establish a claim for retaliation using circumstantial evidence, EEOC must show McKenzie "'engaged in protected activity', that Defendant 'took an adverse action against [her]', and that 'a causal relationship existed between the protected activity and the adverse employment activity.'"). *Roberts v. Glenn Indus. Grp., Inc.,* 998 F.3d 111, 122 (4th Cir. 2021). Defendant may then proffer a legitimate non-retaliatory explanation for its action which plaintiff can rebut as pretextual in further support of its retaliation claim. *Id.*

EEOC's allegations, taken as true, establish all elements of EEOC's retaliation claim. McKenzie engaged in protected activity when she confronted Pedro about his sexual solicitations and other harassing conduct, directed him to stop, and complained of the conduct to her immediate team lead. *See* ECF No. 1 at ¶¶ 24-30. *Strothers v. City of Laurel,* 895 F.3d 317, 328 (4th Cir. 2018) (protected activity includes complaining to superiors of what the victim reasonably believes to constitute harassment, even if the conduct is not ultimately determined unlawful); *Parks v. RL Enter. & Assocs., LLC,* No. 6:20-cv-03745-DCC-KFM, 2021 U.S. Dist. LEXIS 152830, at *9 (D.S.C. Aug. 13, 2021) (rejecting a supervisor's advances and confronting him about the harassing conduct is protected activity) (collecting Fourth Circuit cases).

Following her protected activity, McKenzie was subjected to adverse actions— termination, unjustifiable opposition to her application for unemployment benefits, and a false, negative reference from Defendant that delayed her subsequent employment. *See* ECF No. 1 at ¶¶

31, 34-35, 38. EEOC alleged a causal connection between McKenzie's protected activity and the adverse actions. First, EEOC alleged temporal proximity, with McKenzie's termination coming approximately three to four months following her protected activity, and after McKenzie had worked for well over a year without incident. *Id.* at ¶¶ 17, 30-31. EEOC does not, however, rely on temporal proximity alone. EEOC also alleges the termination did not originate from McKenzie's supervisors or those immediately responsible for monitoring her performance, but rather at the explicit direction of Pedro, whose sexual advances McKenzie had rejected and whom she confronted about the conduct. *Id.* at ¶¶ 31-32. EEOC also alleged that Defendant's claimed non-retaliatory reason for McKenzie's termination, poor closure rates and a request for her removal by the client (USDA), were shifting and false. McKenzie had no performance issues and her closure rate met or exceeded requirements, and in fact was often high enough to earn bonuses. *Id.* at ¶¶ 22, 33. Moreover, Defendant conceded at an unemployment compensation hearing that the USDA had not requested McKenzie's removal as claimed. *Id.* at ¶ 35. *EEOC v. Sears Roebuck & C*o., 243 F.3d 846, 853 (4th Cir. 2001) (employer's offering false or shifting explanations supports conclusion that they are merely pretextual).

EEOC's allegations, taken as true, properly establish liability on its retaliation claim.

### C. Damages

The nature of relief EEOC seeks from this Court through default judgment comports with that sought in EEOC's Complaint—injunctive relief, back pay with prejudgment interest, and compensatory and punitive damages. *See* Fed. R. Civ. P. 54(c); ECF No. 1 at Prayer for Relief. Once liability is established for default judgment, the Court must independently determine the amount of damages that are appropriate for the violations. *Henson*, 2022 U.S. Dist. LEXIS 147196, at *5 (D. Md. Aug. 16, 2022). "While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on 'detailed affidavits or documentary

evidence to determine the appropriate sum.'" *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 374 (D. Md. 2012) (internal citations omitted); *accord Henson*, 2022 U.S. Dist. LEXIS 147196, at *5 (D. Md. Aug. 16, 2022). It is EEOC's position that the nature and amount of relief which should be awarded by the Court can be established through additional briefing and documentary submissions, which EEOC is prepared to do. EEOC recognizes, however, that the Court may prefer to hold a hearing on damages. EEOC respectfully requests that the Court, upon entry of default judgment as to liability, enter a scheduling order for the submission of briefing and evidence on damages and/or for a damages hearing if that is the Court's preference.

## III.  CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court enter default judgment as to liability on all claims against Defendant and prescribe the method and timeframe to receive further evidence and argument on the relief to be awarded.

Dated: January 19, 2023                      Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Luisa Morocco*
Maria Luisa Morocco
Assistant Regional Attorney

*/s/ Joshua E. Zugerman*
JOSHUA E. ZUGERMAN
Senior Trial Attorney
U.S. EEOC, Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
Phone: (267) 589-9763
Fax: (215) 440-2848
joshua.zugerman@eeoc.gov